**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ARTHUR LEROY SCOTT, JR.,

    Petitioner,

-vs-                                          Case No.  8:07-CV-1027-T-30EAJ
                                                              8:06-CR-214-T-30EAJ

UNITED STATES OF AMERICA ,

    Respondent.
_____/

**O R D E R**

Petitioner, an inmate in a Federal penal institution proceeding *pro se*, filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. §2255 challenging his 2006 sentence for possession of a firearm by a convicted felon(CV Dkt. 1; CR Dkt. 32).  On June 18, 2007, the Court issued an order striking Petitioner's motion to vacate and instructing him to file an amended complaint that complies with the instructions on the court-approved form for use in filing §2255 motions (CV Dkt. 3).  The Clerk enclosed two copies of the court-approved from for use in filing §2255 motions with Petitioner's copy of the order (Id. at 4).  On July 9, 2007, Petitioner filed his amended motion to vacate (CV Dkt. 4), and on August 3, 2007, he filed a supplement to his amended motion to vacate (CV Dkt. 5).

The Rules Governing Section 2255 Proceedings, which have been adopted in this district, require that the motion be in substantially the form appended to the rules. *See* Rule 2(c), Rules Governing Section 2255 Proceedings in United States District Courts. The Court finds that Petitioner's motion is not in substantially the form appended to the rules.

Use of a prescribed form benefits both the court and the petitioner in terms of accuracy, time-savings, and administrative convenience. Courts that have a large volume of habeas actions, as does this Court, save valuable time if they are not required to sift through lengthy and often incomplete or illegible petitions in an attempt to discern what claims the petitioner is attempting to raise therein and whether he has presented sufficient factual support for those claims. This savings is lost when a petitioner fails to use the form. Use of the form also benefits petitioners because it assists them in presenting their claims in an organized manner, avoiding the omission of information which is necessary for the Court to reach a just resolution of the issues they raise.

Therefore, Petitioner will be required to file a second amended motion using the court-approved form. Petitioner may also file a memorandum of law in support of his motion, not to exceed 25 pages in length. *See* Local Rule 3.01(a) (M.D. Fla. 2006).

In preparing his amended motion, Petitioner should set forth all his claims for relief and the facts he contends support said claims. *See* 28 U.S.C. §§ 2244(a) & 2255 as they relate to successive petitions. *See also Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that an amended complaint under the Federal rules

supercedes the original complaint); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (same); *Cedillo v. Standard Oil Co. of Tex.*, 261 F.2d 443 (5th Cir. 1958)[1] (same). The only claims properly before this Court will be the ones asserted in the second amended motion.

The Court expresses no opinion regarding the timeliness of Petitioner's claims at this time.

ACCORDINGLY, the Court **ORDERS** that:

1.  The Clerk shall **STRIKE** the Amended Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (CV Dkt. 4) and Supplement to the Amended Motion (CV Dkt. 5).

2.  Petitioner shall, within **TWENTY (20) DAYS** from the date of this order, file a second amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 using the enclosed court-approved form. Petitioner must set forth with **specificity** each of his <u>claims for relief</u> **and** a brief <u>statement of the facts</u> which support the claim(s). <u>Failure to comply with the terms of this order within the allotted time shall result in the automatic</u> **dismissal** <u>of this case</u> **without further notice**.[2]

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] The time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Jones v. United States*, 304 F.3d 1035, 1040-41 (11th Cir. 2002).

3.	The **Clerk** shall enclose two copies of the court-approved form for use in filing §2255 motions with Petitioner's copy of this order. This case number should be affixed to the forms.

**DONE** and **ORDERED** in Tampa, Florida on August 7, 2007.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*